In re DETROIT AUTO DEALERS ASSOCIATION, INC.

THOMPSON–CHRYSLER–PLYMOUTH, INC.; Joseph P. Thompson; Crestwood Dodge, Inc.; Bob Borst Lincoln–Mercury Sales, Inc., Robert C. Borst; Bob Dusseau Lincoln–Mercury; Robert F. Dusseau; Bob Maxey Lincoln–Mercury Sales, Inc.; Robert Maxey; Crest Lincoln–Mercury Sales, Inc.; William R. Ritchie; Stewart Chevrolet, Inc.; Gordon Stewart; Woody Pontiac Sales, Inc.; Woodrow W. Woody; Jack Demmer Ford; Jack E. Demmer; Al Long Ford, Inc.; Ed Schmid Ford, Inc.; Edward Schmid; Ray Whitfield Ford, Inc.; Ray Whitfield, Petitioners,

v.

FEDERAL TRADE COMMISSION, Respondent.

No. 95–3932.

United States Court of Appeals, Sixth Circuit.

Argued April 16, 1996.

Decided May 24, 1996.

Kenneth S. Wilson (briefed), Stringari, Fritz, Kreger, Ahearn, Bennett & Hunsinger, Detroit, MI, James F. Rill (briefed), Collier, Shannon, Rill & Scott, Washington, DC, Glenn A. Mitchell (argued and briefed), David U. Fierst, Stein, Mitchell & Mezines, Washington, DC, John F. Youngblood (briefed), Abbott, Nicholson, Quilter, Esshaki & Youngblood, Detroit, MI, Lawrence F. Raniszeski (briefed), Bloomfield Hills, MI, Howard E. O'Leary (briefed), Dykema, Gossett, Spencer, Goodnow & Trigg, Washington, DC, for Thompson-Chrysler-Plymouth, Inc., Joseph P. Thompson, Crestwood Dodge, Inc., Bob Borst Lincoln-Mercury Sales, Inc., Robert C. Borst, Bob Dusseau Lincoln-Mercury, Robert F. Dusseau, Bob Maxey Lincoln-Mercury Sales, Inc., Robert Maxey, Crest Lincoln-Mercury Sales, Inc., William R. Ritchie, Stewart Chevrolet, Inc., Gordon Stewart, Woody Pontiac Sales, Inc., Woodrow W. Woody, Jack Demmer Ford, Jack E. Demmer, Al Long Ford, Inc., Ed Schmid Ford, Inc., Edward Schmid, Ray Whitfield Ford, Inc., Raymond Whitfield.

David C. Shonka (argued and briefed), Office of the General Counsel, Federal Trade Commission, Washington, DC, for Federal Trade Commission.

Before: MERRITT, Chief Judge; LIVELY and WELLFORD, Circuit Judges.

WELLFORD, Circuit Judge.

Having previously detailed the factual background and issues involved in this difficult and unusual case, *see In Re Detroit Auto Dealers Ass'n,* 955 F.2d 457 (6th Cir.), *cert. denied,* 506 U.S. 973, 113 S.Ct. 461, 121 L.Ed.2d 369 (1992), we provide only a curso-

ry review of the facts here. In 1973, a large number of automobile dealerships in the Detroit, Michigan area agreed to close their showrooms on Saturdays and to otherwise uniformly reduce their hours of operation in response to the demands of their sales employees and the efforts of various unions to organize these employees. In 1984, the Federal Trade Commission ("the Commission") issued an administrative complaint against these dealerships and a number of dealer associations and individual owners or operators (collectively "the dealers"), alleging that the agreement restrained trade in violation of § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

An Administrative Law Judge dismissed the complaint on grounds that the agreement was shielded by the nonstatutory labor exemption. The Commission subsequently reversed and entered a remedial order requiring, *inter alia*, that the dealers open their showrooms a minimum of sixty-four hours per week for a period of one year and directing the dealer associations to prohibit members from discussing showroom hours among themselves and to expel members who did so.

On appeal, we affirmed the Commission's order generally, but remanded with instructions for the Commission to "consider carefully the record and the ALJ findings regarding any individual dealers who may be entitled to claim an exemption under the circumstances of bona fide collective bargaining with a union for shorter showroom hours or as a direct result of union directed violence and force for shorter hours." *In re Detroit Auto Dealers Ass'n,* 955 F.2d at 468 (emphasis omitted). On June 20, 1995, the Commission reaffirmed its previous decision and order. This timely appeal ensued.

In the interim between the initial appeal and the Commission's decision on remand, a vast majority of the dealers entered into consent decrees with the Commission. Thus,

only eleven dealerships and nine individuals [1] —slightly more than ten percent of the original cast of respondents [2]—are presently before this court. The primary contention of the remaining dealers is that, since they were compelled by union-directed force and violence to agree to reduce their operating hours, the Commission should have found the nonstatutory labor exemption applicable.

■ The principle that an equitable remedy should be enforced only so long as the equities require is one that is deeply rooted in the traditions of common law. A court has continuing jurisdiction to terminate or modify an injunction. As this court stated in *Sweeton v. Brown,* 27 F.3d 1162 (6th Cir. 1994):

> Injunctions are one of the law's most powerful weapons. Ongoing injunctions should be dissolved when they no longer meet the requirements of equity. The law changes and clarifies itself over time. Neither the doctrines of res judicata or waiver nor a proper respect for previously entered judgments requires that old injunctions remain in effect when the old law on which they were based has changed.

*Id.* at 1166–67. *Rufo v. Inmates of the Suffolk County Jail, et al.,* 502 U.S. 367, 388, 112 S.Ct. 748, 762, 116 L.Ed.2d 867 (1992), recognized the necessity modifying or dissolving injunctions if "the statutory or decisional law has changed to make legal what the decree was designed to prevent." *Id.* at 388, 112 S.Ct. at 762. This reasoning holds equal weight when it is the facts, and not the law, which have changed since the imposition of the injunction. "Modification of a consent decree may be warranted when changed factual conditions make compliance with the decree substantially more onerous." *Rufo,* 502 U.S. at 384, 112 S.Ct. at 760.

■ In this case, the change in factual conditions suggests that a modification of

---

**1.** Although Thompson Chrysler–Plymouth, Inc. and Joseph P. Thompson are listed as respondents in this appeal, the Commission informed this court at oral argument that it was no longer proceeding against them.

**2.** The original appeal in this case involved approximately 90 dealerships, 18 dealer associations and 78 individual owners or operators.

the injunction is warranted. Significant changes have occurred in the twelve years since the Commission filed its complaint in this case. By virtue of the consent decrees, most of the dealers are now open on Saturdays and have adopted expanded hours of operation. Furthermore, the campaign of violence and intimidation that allegedly induced the remaining dealers to shorten their hours of operation is a thing of the past; the dealers and their sales employees are no longer at odds over this issue. Finally, at oral argument, counsel for the petitioners stated that there was no longer any agreement in effect to set hours of dealership operation in the Detroit area.

"[A] party should be entitled to modification whenever the original decree could not properly have been issued on the state of facts that now exists; when such a change has taken place, no analytic distinction can be validly drawn between change of fact and change of law." *Developments in the Law: INJUNCTIONS*, 78 Harv.L.Rev. 994, 1082 (1965). If this case were to be brought in front of the Commission today on the present facts, the previous injunction would not be entered against the petitioners today. This case is therefore **REMANDED** to the Commission to hold a hearing with the purpose of modifying the remedial order in this case. The parties should be allowed to present evidence relevant to modification and the current conditions in the Detroit automobile market.